## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | |
|---|---|
| ROSELIA SOTO GAMEZ<br>1052 Forest Hill Avenue<br>Annapolis, MD 21403<br>(Anne Arundel County)<br><br>    Plaintiff,<br><br>v.<br><br>FRIENDLY VENTURES, INC.<br>d/b/a LEDO PIZZA<br>3072 Solomons Island Road<br>Edgewater, MD 21037<br>(Anne Arundel County)<br><br>CARSON EASTERLING<br>a/k/a RICHARD EASTERLING<br>a/k/a RICK EASTERLING<br>13497 Blackberry Lane<br>Wye Mills, MD 21679<br>(Talbot County)<br><br>    Defendants. | Civil Action No. _____ |

## **COMPLAINT**

1. Defendants employed Plaintiff at their Ledo Pizza restaurant. Though Plaintiff worked more than 40 hours a week, Defendants paid Plaintiff her regular hourly rate across all hours worked.

2. Plaintiff brings this action to recover damages for Defendants' willful failure to pay overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*;

and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

## Jurisdiction and Venue

3.  Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## Parties

5.  Plaintiff Roselia Soto Gamez is an adult resident of Anne Arundel County, Maryland.

6.  Defendant Friendly Ventures, Inc. is a Maryland corporate entity. Friendly Ventures, Inc. does business as Ledo Pizza. Friendly Ventures, Inc.'s principal place of business is located at 3072 Solomons Island Road, Edgewater, MD 21037. Friendly Ventures, Inc.'s resident agent for service of process is James J. McGuire, 140 Mayo Road, P.O. Box 57, Edgewater, MD 21037.

7.  Defendant Carson Easterling is an adult resident of Maryland. He is also known as Richard Easterling and as Rick Easterling. He resides at: 13497 Blackberry Lane, Wye Mills, MD 21679. He is the sole owner and officer of Defendant Friendly Ventures, Inc. He exercises exclusive control over the operations of Friendly Ventures, Inc. — including its pay practices.

## Factual Allegations Specific to Plaintiff Soto Gamez

8.  Plaintiff Soto Gamez stated to work for Defendants in 2007.

9.  Defendants currently employ Plaintiff Soto Gamez.

10. During the three years preceding this complaint, Plaintiff Soto Gamez worked for Defendants without any leave of absence, but for a brief maternity leave from approximately July 28, 2015 through approximately August 24, 2015.

11. Plaintiff Soto Gamez worked at Ledo Pizza as a pizza cook.

12. Plaintiff Soto Gamez's job duties at Ledo Pizza primarily consisted of cooking pizza, ordering ingredients, and cleaning the work area.

13. Prior to approximately July 28, 2015, Plaintiff Soto Gamez typically and customarily worked 6 days per week.

14. Prior to approximately July 28, 2015, Plaintiff Soto Gamez typically and customarily worked 66 per week.

15. Prior to approximately July 28, 2015, Plaintiff Soto Gamez typically and customarily worked the following schedule:

|  | **Entry and Exit Time** | **Break Time** | **Hours Worked** |
| --- | --- | --- | --- |
| Monday | 09:00 A.M. - 10:00 P.M. | None | 13.0 |
| Tuesday | 10:00 A.M. - 10:00 P.M. | None | 12.0 |
| Wednesday | 09:00 A.M. - 10:00 P.M. | None | 13.0 |
| Thursday | 09:00 A.M. - 05:00 P.M. | None | 8.0 |
| Friday | 10:00 A.M. - 08:00 P.M. | None | 10.0 |
| Saturday | OFF | | |
| Sunday | 10:00 A.M. - 08:00 P.M. | None | 10.0 |
|  |  | **Total Hours** | **66.0** |

16. After she returned from maternity leave on approximately August 25, 2015, Plaintiff Soto Gamez typically and customarily worked 5 days a week.

17. Starting on approximately August 25, 2015, Plaintiff Soto Gamez typically and customarily worked 10 hours per workday, from approximately 10:00 a.m. through approximately 8:00 p.m.

18.     Starting on approximately August 25, 2015, Plaintiff Soto Gamez typically and customarily worked 50 hours per workweek.

19.     At all relevant times, Defendants paid Plaintiff Soto Gamez by the hour.

20.     Plaintiff Soto Gamez was paid at the following hourly rates:

| Approximate Date Range | Hourly Rate |
| --- | --- |
| Feb. 25, 2014 - Dec. 15, 2014 | $14.00 |
| Dec. 16, 2014 - Present | $15.00 |

21.     Prior to approximately November 1, 2016, Defendants paid Plaintiff Soto Gamez the same regular rate across all hours worked, including when she worked more than 40 hours in a workweek.

22.     On approximately November 1, 2016, Defendants started to pay Plaintiff Soto Gamez overtime wages.

23.     At all relevant times, Defendants paid Plaintiff Soto Gamez every two workweeks with a check.

24.     Prior to November 1, 2016, Defendants falsified Plaintiff's paystubs. Irrespective of how many hours Plaintiff actually worked, Defendants stated on the paystubs that Plaintiff worked 80 hours every two weeks.

25.     For example, for the pay period of May 5, 2015 through May 18, 2015, Defendants provided Plaintiff with the following paystub:

| Friendly Ventures, Inc. | | | Pay Date 05/26/2015 | Pay Period 05/05/2015 - 05/18/2015 | | |
| --- | --- | --- | --- | --- | --- | --- |
| 489 - Roselia Gamez | | | ***-**-1489 FED: M/1 MD: M/1 | | | |
| **Earnings** | Rate | Hours | Amount | **Net Pay Distributions** | | Amount |
| Salary-Pizza | | 80.00 | 1,800.00 | D.D. to: 0005159420886 | | 1,383.51 |
| Gross Pay: | 1,800.00 | YTD: | 18,727.50 | | | |
| **Taxes** | | Amount | YTD Amt | | | |
| FIT | | 161.83 | 1,619.25 | | | |
| FICAS | | 111.60 | 1,161.11 | | | |
| FICAM | | 26.10 | 271.55 | | | |
| MD-SIT | | 116.96 | 1,208.15 | | | |
| Totals: | | 416.49 | 4,260.06 | | | |
| **After-tax Deductions** | | Amount | YTD Amt | | | |
| Uniform | | 0.00 | | | | |
| Net Pay: | 1,383.51 | | | | | |

26. During the pay period from May 5, 2015 through Mary 18, 2015, Plaintiff Soto Gamez worked 120 hours. The number of hours worked can be determined by dividing the gross pay ($1,800.00) by the hourly rate $15.00.

27. For the next pay period, from May 19, 2015 through June 1, 2015, Defendants provided Plaintiff with the following paystub:

| Friendly Ventures, Inc. | | | Pay Date 06/09/2015 | Pay Period 05/19/2015 - 06/01/2015 | | |
| --- | --- | --- | --- | --- | --- | --- |
| 489 - Roselia Gamez | | | ***-**-1489 FED: M/1 MD: M/1 | | | |
| **Earnings** | Rate | Hours | Amount | **Net Pay Distributions** | | Amount |
| Salary-Pizza | | 80.00 | 1,635.00 | D.D. to: 0005159420886 | | 1,267.94 |
| Gross Pay: | 1,635.00 | YTD: | 20,362.50 | | | |
| **Taxes** | | Amount | YTD Amt | | | |
| FIT | | 137.08 | 1,756.33 | | | |
| FICAS | | 101.37 | 1,262.48 | | | |
| FICAM | | 23.71 | 295.26 | | | |
| MD-SIT | | 104.90 | 1,313.05 | | | |
| Totals: | | 367.06 | 4,627.12 | | | |
| **After-tax Deductions** | | Amount | YTD Amt | | | |
| Uniform | | 0.00 | | | | |
| Net Pay: | 1,267.94 | | | | | |

5

28. During the pay period from May 19, 2015 through June 1, 2015, Plaintiff Soto Gamez worked 109 hours. The number of hours worked can be determined by dividing the gross pay ($1,635.00) by the hourly rate $15.00.

29. For the three years preceding the filing of this Complaint, Defendants owe Plaintiff Soto Gamez approximately $15,826.83 in unpaid overtime wages.

30. At all relevant times, Defendants had the power to hire and fire Plaintiff.

31. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

32. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

33. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

34. At all relevant times, Defendant Carson Easterling controlled Friendly Ventures, Inc.'s financial operations, including its pay practices.

35. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times Plaintiff's regular rate for all hours worked in excess of 40 hours in any one workweek.

36. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to Plaintiff.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

37. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

38. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

39. The FLSA requires that employers pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1).

40. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

41. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of 40 hours in any one workweek.

42. Defendants' violations of the FLSA were willful.

43. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY OVERTIME WAGES UNDER THE MWHL

44. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

45. Each defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

46. The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

47. Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times Plaintiff's regular hourly rate for hours worked in excess of 40 hours in any one workweek.

48. Defendants' violations of the MWHL were willful.

49. For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

50. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

51. Each defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

52. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

53. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

54. The "wages" required to be timely paid by the MWPCL include overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

55. Defendants violated the MWPCL by knowingly failing to timely pay Plaintiff all wages due, including overtime wages.

56. Defendants' violations MWPCL were willful.

57. For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of $**53,906.48**, and grant the following relief:

a. Award Plaintiff $47,480.48, consisting of the following overlapping elements:

   i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

   ii. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

   iii. three times the amount of unpaid overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., § 3-507.2;

b. Award Plaintiff pre-judgment and post-judgment interest as permitted by law.

c. Award Plaintiff reasonable attorney's fees and expenses at Appendix B Rates (as of this date, approximately $6,026.00)

d. Award Plaintiff court costs (currently, $400.00); and

e. Award any additional relief the Court deems just.


Date: March 1, 2017 　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ Justin Zelikovitz, Esq.
　　　　　　　　　　　　　　　　　　　Justin Zelikovitz, #17567
　　　　　　　　　　　　　　　　　　　LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
　　　　　　　　　　　　　　　　　　　519 H Street NW
　　　　　　　　　　　　　　　　　　　Washington, DC 20001
　　　　　　　　　　　　　　　　　　　Phone: (202) 803-6083
　　　　　　　　　　　　　　　　　　　Fax: (202) 683-6102
　　　　　　　　　　　　　　　　　　　justin@dcwagelaw.com